# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
v.
Rahib Al-Cholan
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-30516

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
- ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
- ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☐ a preponderance of the evidence that

This is a 30 year felony presumption case. Defendant is a 45 year old male who has lived in Michigan for 12 years in a home with his brothers and their families and his mother. His wife and two children live in Southern Iraq and have never emigrated to this country. Defendant gained his United States citizenship in 2003. Defendant is charged with traveling in interstate commerce to engage in illicit sexual conduct with another person, a young girl whom he believed to be either 12 or 14 years old. Defendant is self employed and works out of his home in the junk/rubbish removal business. He previously worked for Mansfield Auto Parts in Detroit from 1997 to 2006. (CONTINUE ON PAGE TWO)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

November 13, 2007
*Date*

s/ Mona K. Majzoub
*Signature of Judge*

MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

The government proffered its statement that there would be evidence that the Defendant bragged about having sex with many children of Iraqi, American, Mexican and other descents, and that in Iraq he had sex with more than 100 children. The government also proffered that Defendant told a witness that he would intentionally look for poor children, and offer them food or money to lure them.

The witness testified that he was so alarmed by these statements that he called his brother because he knew that this was a very dangerous issue. His brother called the authorities. The witness thereupon agreed to assist in the investigation. Over the course of the next two days the defendant telephoned the witness several times, wanting to know what he had done for him. The witness told him that he knew of a 12 year old girl in Toledo whose uncle would take $100 for her to have sex with him. On November 7, two days after the witness and the Defendant first met, the witness agreed to drive the Defendant down to Toledo in his brother's car (neither the defendant's car nor the witness' car was reliable enough to go to Toledo and back) so that the Defendant could meet the girl in a hotel after paying her uncle $100. The witness was supposed to be hooked up for sound. His equipment failed. He stopped at a gas station, allegedly to use the bathroom, and the Defendant stayed in the van. In fact, the witness bought batteries and hooked up his sound. In addition, at the Defendant's request, the witness also purchased condoms, Vaseline and an energy drink for the Defendant. Then they drove to the hotel to meet the girl. The Defendant paid the "uncle" $50, but when the "uncle" said the price was $100, the witness gave him the other $50 which was supplied by the authorities who were in attendance.

In short, the Defendant met the witness at an auto parts shop on November 5, the two went to Defendant's house to repair a the car, Defendant solicited the witness to provide children for Defendant's sexual pleasure, the Defendant agreed to travel to Toledo to have sex with a 12 - 14 year old girl for $100 (to be paid to her "uncle"), and on the way Defendant sent the witness into a gas station to purchase condoms, Vaseline, and an energy drink for him.

The government makes an argument about the differences in the Lebanese and Iraqi Arabic dialects. The Court is not persuaded by the Government's assertion that "walad" in Lebanese Arabic refers to a young boy, while in Iraqi Arabic it means "man". The witness made it unequivocally clear that at all times the conversations between him and the Defendant referred to children, and that both understood each other very well.

Defendant's alleged actions are heinously predatory and make him a danger to all children in our society. He bragged about having sex with more than 100 children in Iraq, and bragged about continuing that pattern of behavior here. His statement that he would seek out poor children and lure them with food and toys is most disturbing. That he would make his proclivity for children known to a virtual stranger with the hope of that person being able to supply him with children for his sexual gratification is of great concern.

There are no conditions of bond that would protect society from the dangers that Defendant poses. Therefore Detention is Ordered.