UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RAHID ISMAEL-YASIR AL-CHOLAN,

        Defendant.
_____/

Case No. 07-CR-20562

HON. GEORGE CARAM STEEH

## OPINION AND ORDER

This matter comes before the court on a motion to suppress (Doc. 21) filed by defendant Rahid Ismael-Yasir Al-Cholan. The Court heard oral argument by the parties on February 11, 2008, and March 24, 2008, and received supplemental briefs from both sides after the final hearing.

The statements defendant seeks to have suppressed were made to federal agents at the Comfort Inn during a ten minute interview, and two hours later, during a five minute interview at the Woodhaven Police Department. Defendant signed a written *Miranda* waiver before making the statements, but he claims the waiver was not knowing because his "understanding of the English language is limited." During the hearings before this Court, defendant had an interpreter provided to him.

The test for whether a confession is not voluntary within the meaning of the Due Process Clause of the Fourteenth Amendment is whether such confession was coerced. Colorado v. Connelly, 479 U.S. 157, 164 (1986). Specifically, "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' . . . ."

In this case, there is no dispute that the agents gave defendant his *Miranda*

warnings. Defendant alleges that his primary language is Arabic, and as a result he did not understand his *Miranda* rights, which were written in English on the form and read aloud to defendant in English. Defendant followed along on the written form as Agent Rose read defendant his rights. Defendant told the agents that he understood and had no questions. Defendant signed the written waiver, and answered the agents' questions in English. Before the interview continued at the Woodhaven Police Station, defendant told the agents that he wanted to continue speaking with them. To verify that defendant sufficiently understood what was happening, the government relies on the following facts: (1) defendant has lived in the United States for seventeen years; (2) he was required to pass an English proficiency exam to gain his United States citizenship; and (3) a recording and transcript confirm his ability to converse in English with the undercover agent. All of the foregoing evidence supports a finding that defendant's signed *Miranda* waiver was knowing and voluntary. See U.S. v. Alaouie, 940 F.2d 663 (Table), 1991 WL 144479, *4-5 (6th Cir. Aug. 1, 1991). Defendant disputes the government's characterization of his ability to understand the English language. However, while this evidence can be used to attack the meaningfulness of defendant's confession, it is not a basis for suppressing any statements made by defendant.

As evidence of coercion, defendant contends that government agents threatened to revoke his citizenship and put him in jail for life if he did not confess. On the witness stand, defendant testified that one of the agents made a "cutting" gesture and said the words "citizenship" and "jail." Defendant testified that he understood this to mean that his citizenship would be revoked and he would be put in jail for life. Defendant, however, also testified that he "can barely remember anything" and he does not know

what questions he was asked.

The law protects defendants from police misconduct by suppressing statements that result from coercive interrogation tactics. It is possible that defendant misunderstood what he was told by the agents with regard to having his citizenship revoked, being put in jail for life, or being permitted to go home if he made a confession. However, this is not evidence of coercion, and is not a basis for granting the motion to suppress. Now, therefore, for the foregoing reasons,

IT IS HEREBY ORDERED that defendant's motion to suppress is DENIED.

It is so ordered.

Dated: May 5, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 5, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk