UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RAHIB ISMAEL-YASIR AL-CHOLAN,

        Defendant.
_____/

Case No. 07-CR-20562

HON. GEORGE CARAM STEEH

## OPINION AND ORDER

This matter has come before the court on the sentencing of defendant Rahib Ismael-Yasir Al-Cholan. At issue is whether it is proper in this case for the court to apply a five point increase to the guidelines for a pattern of activity involving prohibited sexual conduct. For the reasons given below, the court believes that such enhancement to defendant's sentence is proper.

Pursuant to U.S.S.G. § 4B1.5(b) and Sixth Circuit caselaw, a five-level increase in the guideline range is mandatory "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S. v. Brattain, 539 F.3d 445, 448 (6th Cir. 2008) (vacating and remanding for resentencing where district court failed to apply U.S.S.G. § 4B1.5(b)).

Application note 2 defines "covered sex crime" to include "an offense, perpetrated against a minor, under . . . chapter 117." The crime Al-Cholan was convicted of, 18 U.S.C. §2433(b), travel with intent to engage in illicit sex act, is included in the listed offenses. Application note 4(A) refers to 18 U.S.C. §2426 for the definition

of "prohibited sexual conduct" and includes any federal offense involving the abuse of children.  The government in this case argued that the repeated instances of rape and sodomy described by Al-Cholan qualify as "prohibited sexual conduct."

A "pattern of activity" is defined as "at least two separate occasions."  U.S.S.G. § 4B1.5, application note 4(b)(i).  The conduct considered by the court in finding a "pattern of activity" need not have occurred during the course of the indicted offense, nor must it result in a conviction.  Application note 4(B)(ii).

Defendant's primary objection to the five level enhancement is that it violates Blakely v. Washington, 542 U.S. 296 (2004), because he cannot be sentenced for activity of which he was not convicted.  It is true that defendant was not tried for, or convicted of, the acts which make up the "pattern of activity involving prohibited sexual conduct" for purposes of the enhancement.  However, there was substantial evidence at trial that Al-Cholan admitted to acts which constitute the "pattern of activity" required for the sentence enhancement.

In this case, the defendant himself admitted to multiple instances of brutality and rape against children, both in Iraq and in Dearborn, Michigan.  At trial, there was substantial testimony describing and corroborating defendant's various admissions.  Michael Hanna, "Sam", and ICE Special Agent Michael Rose each testified that Al-Cholan described prior sex acts he engaged in with children.  Specifically, the defendant told the government informers that he enticed children in Dearborn into his van for sex acts.  A confession is strong evidence of guilt and that the admitted events actually occurred.  See Harbison v. Bell, 408 F.3d 823, 834 (6th Cir. 2005) ("Harbison's confession to the murder is strong evidence of his guilt.").  Such inculpatory admissions

are enough, even standing alone, to impose a sentencing enhancement. See <u>U.S. v. Olea</u>, 236 Fed. Appx. 728, 730 (2d Cir. 2007) ("defendant admissions can constitute 'specific evidence' sufficient to establish eligibility for a sentencing enhancement").

In addition to Al-Cholan's admissions, there is corroboration that defendant engaged in a long-time pattern of sexually abusive conduct. First, the conduct of which Al-Cholan was convicted, traveling in interstate commerce to have sex with a 12-year-old child, is consistent with the pattern of abuse he described. The fact that he talks about previous occasions of having sex with minors while he is actively making plans to meet a minor for the purposes of having sex, makes it less likely that his admissions were mere boasts.

Second, on August 15, 2007, according to a Dearborn police report, a man matching Al-Cholan's description, driving a green minivan also matching Al-Cholan's, approached a seven-year-old girl on Jonathan St. in Dearborn, and asked her to follow him into an alley. The girl refused and ran home. Although there is no positive identification of Al-Cholan, the description provided of the suspect and the vehicle, considered in conjunction with the fact that this is exactly the conduct of which Al-Cholan "boasted" and it occurred within one mile of the location defendant described to Hanna, corroborates Al-Cholan's admissions.

The evidence in this case supports application of a five-level sentencing enhancement pursuant to U.S.S.G. § 4B1.5(b)(1) for a "pattern of activity involving

prohibited sexual conduct."

Dated: December 1, 2008

                                 S/George Caram Steeh
                                 GEORGE CARAM STEEH
                                 UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 1, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk